**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6691**
_____

TRAVIS L. WATSON,

               Petitioner - Appellant,

     v.

DENNIS DANIELS,

               Respondent - Appellee.

_____

**No. 25-6692**
_____

TRAVIS L. WATSON,

               Petitioner - Appellant,

     v.

MARK CARVER,

               Respondent - Appellee.

_____

**No. 25-6693**
_____

TRAVIS L. WATSON,

               Petitioner - Appellant,

v.

DETECTIVE ALTIZER,

Defendant - Appellee.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:19-cv-00249-LCB-LPA; 1:17-cv-01067-LCB-LPA; 1:17-cv-00934-LCB-LPA)

_____

Submitted:  December 23, 2025                    Decided:  December 31, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Nos. 25-6691 and 6692, dismissed; No. 25-6693, affirmed by unpublished per curiam opinion.

_____

Travis L. Watson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Travis L. Watson challenges the district court's order accepting the magistrate judge's recommendation, denying his four Fed. R. Civ. P. 60(b) motions, and ordering him to show cause as to why he should not be enjoined from making further, similar filings. Watson's Rule 60(b) motions sought relief from the district court's 2018 order dismissing his 28 U.S.C. § 2241 petition, its 2020 order denying his 28 U.S.C. § 2254 petition, its 2022 judgment in his 42 U.S.C. § 1983 action, and its 2024 order denying his motion for relief from the 2022 judgment. As a preliminary matter, we grant Watson's motion to exceed the length limitations for informal briefs filed in No. 25-6693.

Watson may not appeal the district court's denial of his Rule 60(b) motions as to its orders on the § 2241 and § 2254 petitions unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Watson has not made the requisite showing as to the district court's denial of his Rule 60(b) motion challenging

3

the dismissal of his § 2241 petition.  As to his Rule 60(b) motion challenging the denial of § 2254 relief, the claims Watson raised challenged the validity of his convictions and state sentence, and, thus, the motion should have been construed as a successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015).  Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Watson's successive § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3).

With respect to the district court's denial of Watson's Rule 60(b) motions regarding the § 1983 proceedings and its order that Watson show cause as to why a prefiling injunction should not issue, we discern no reversible error.  Accordingly, we deny a certificate of appealability and dismiss appeal Nos. 25-6691 and 25-6692, in which Watson seeks to appeal the denials of his Rule 60(b) motions as to his § 2254 and § 2241 petitions, respectively.  We affirm the district court's order as to appeal No. 25-6693.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Nos. 25-6691 and 25-6692, *DISMISSED*;
No. 25-6693, *AFFIRMED*

4